50680. TRAVELERS INSURANCE COMPANY et al. v. CALDWELL.

MARSHALL, Judge.

This is an appeal by an employer and its insurer from an order of the Superior Court of Gwinnett County affirming the award of the full board of the State Board of Workmen's Compensation, which approved a change in condition from a specific member disability (injury to knee) to a disability to the body as a whole (lower spinal injury) along with specified monetary compensation payable until there is a change in the condition or further

order of the board.

Appellee Caldwell was regularly employed by appellant Mangurian at the time of an original injury to Caldwell's right knee. This injury occurred on May 11, 1973, during the course of Caldwell's employment. As a result of this injury Caldwell, by agreement, received disability payments approved by the board. There was no evidence of any pre-existing injury or disease either to Caldwell's knee or back. During extensive treatment to the knee, including a hip cast for numerous weeks and an operation to correct the injury, Caldwell slipped and fell while taking a bath and later fell down a flight of stairs. Caldwell asserts these incidents were a direct result of the use of crutches, a heavy cast or the weakened condition of her right knee. Approximately 13 months after the initial knee injury, Caldwell experienced a sudden onset of severe lower back pain. She had not been employed at all during the interim. This back pain subsequently was diagnosed as a probable herniated disc in the lower spine. At a hearing to determine if there had been a change of condition warranting a new award for disability, medical experts differed as to whether the spinal condition was a degenerative disease unrelated to the initial injury to Caldwell's knee and if the spinal condition had been exacerbated by physical exertions of a sexual nature unrelated to the initial injury. However, there was evidence presented to the effect that twisting of the spinal column caused by the weight of the cast during walking and the two falls could have exacerbated the arthritic condition. *Held:*

Where an award by the State Board of Workmen's Compensation is supported by any evidence, no error of law appearing, it must be affirmed on appeal. *Bituminous Cas. Corp. v. Wilbanks,* 68 Ga. App. 631 (23 SE2d 519); *St. Paul-Mercury Indem. Co. v. Fletcher,* 97 Ga. App. 429 (103 SE2d 438). The distinction between proximate and remote causes is not to be too rigorously pressed in the application of the Workmen's Compensation Act. *Thomas v. U. S. Cas. Co.,* 218 Ga. 493, 494 (128 SE2d 749).

There being sufficient competent evidence in the record to support the award of the State Board of Workmen's Compensation the order of the Superior Court

of Gwinnett County affirming the award is affirmed. *Travelers Ins. Co. v. Childers,* 110 Ga. App. 466 (138 SE2d 923).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 6, 1975 — DECIDED SEPTEMBER 3, 1975.

*Steven E. Marcus,* for appellants.
*Moore & Morris, Charles E. Moore,* for appellee.