## 30383. PARROTT v. THE STATE.

GUNTER, Justice.

The appellant was tried for murder, convicted, and given a life sentence. He has appealed.

The death in this case resulted from an armed altercation among several individuals including appellant and the victim. We deem it unnecessary to relate here the lengthy factual situation that resulted in the death of the victim and the indictment of the appellant. It will have to be sufficient here to say that two state troopers arrived at the scene just in time to witness the shooting. One officer testified that he began to chase appellant immediately after the victim was shot; the appellant fired in the general direction of the officer while seeking to escape; but appellant was shot by the officer

and then apprehended. Several prosecution and defense witnesses testified about the altercations which occurred prior to the death of the victim. Their stories differed as to who were the aggressors and other various details.

The jury heard all the evidence and rendered its verdict. A motion for new trial was filed containing nineteen grounds. The trial judge entered a lengthy order treating each of the grounds of the motion for new trial, and he overruled the motion on each and every ground.

Twenty-two errors have been enumerated in this court. They are:

1-3. The general grounds.

4. The evidence failed to establish malice aforethought.

5. The evidence failed to exclude every other reasonable inference save that of guilt of the accused.

6. The court erred in allowing the introduction of a holster into evidence over objection. (Abandoned.)

7. The court erred in refusing to charge the jury on the issue of accident if caused by intervention of another.

8. The court erred in failing to give the jury the "form of verdict" appertaining to accident even though the judge had charged the jury on the law of accident. (Abandoned.)

9. The court erred in allowing a .38 caliber pistol, not entered into evidence, to be exhibited to the jury by the prosecutor in his closing arguments.

10. The court erred in failing to restrict certain testimony of a police officer concerning the retrieval of a .38 caliber pistol from the accused's sister-in-law.

11. The court erred in charging the jury on the law of insanity but in refusing to charge on the law of irresponsibility. (Abandoned.)

12. The court erred in refusing to charge the jury on the two types of involuntary manslaughter. (Abandoned.)

13. The court erred in allowing the jury to hear certain testimony about a stolen .38 caliber pistol.

14. The court erred in refusing to grant a mistrial when it found, after sequestration, that evidence submitted by a police officer was not substantiated or properly related to the state's case-in-chief.

15. The jury's verdict was null and void since the father-in-law of one of the state's witnesses was a member

of the jury. (Abandoned.)

16. The state failed to prove that the deceased was killed by a bullet from the pistol in defendant's possession. (Abandoned.)

17. The court erred in failing to grant defendant's motion for a psychiatric evaluation. (Abandoned.)

18. The court erred in failing to grant defense counsel a continuance. (Abandoned.)

19. The court erred in refusing to grant a change of venue. (Abandoned.)

20. The court erred in denying defendant's motion for new trial.

21. The court erred in failing to charge the jury on the law of defense of another.

22. The court erred in failing to charge the jury completely on the law of self-defense.

The above enumerated errors shown to be abandoned were explicitly abandoned in appellant's brief.

We have reviewed the record and the transcript; the evidence amply supports appellant's conviction; and none of the enumerated errors is of sufficient merit to warrant a reversal of the conviction. We therefore affirm the judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 18, 1975 — DECIDED MARCH 2, 1976.

*M. C. Wright, II, Miles Walker Lewis,* for appellant.
*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.