## 52489. STINESPRING et al. v. FIELDS.

MARSHALL, Judge.

Defendants below, Stinespring and Hall Finance Company, Inc., d/b/a Security Finance Company (hereinafter Hall Finance) bring this direct appeal from a jury verdict and judgment in favor of Mrs. Fields awarding her $10,000 damages as the result of a malicious prosecution.

Stinespring was agent (employee) and manager of the branch of Hall Finance at Commerce, Georgia. His

principal duties were the granting of personal loans and the collection thereof. Mrs. Fields obtained a loan of about $100 from Hall Finance in March, 1974. She gave as security several items of household furnishings. By September, 1974, Mrs. Fields was in default on the note. After several unsuccessful attempts to collect the past due payments or to reach some accommodation with Mrs. Fields, Hall Finance sent one of its employees from the Commerce office to Mrs. Fields' home on December 31, 1974. This employee, after briefly discussing the indebtedness, became verbally abusive and offensive, using profane language. He was ejected from the home. On that same date Mrs. Fields swore out a criminal warrant against the employee.

Later during the afternoon of December 31, 1974, the employee was arrested at the Commerce office of Hall Finance and incarcerated in the Jackson County jail. Stinespring arranged for bail for the release of his employee. Stinespring on that same afternoon or during the early evening (New Year's Eve) went to the Fields' home to "inventory mortgaged property." Though the evidence is contested (and resolved by the jury against the defendants) Stinespring concluded that certain of the mortgaged personalty was not in the home. He, therefore, on that evening swore out a criminal warrant for Mrs. Fields for illegal disposition of mortgaged property. Mrs. Fields was arrested and confined in the county jail for some 12 hours over New Year's Eve. At a preliminary hearing on January 7, 1975, at which Stinespring and Hall Finance were represented by counsel, as was Mrs. Fields, the prosecution was dismissed for insufficient evidence. This action for malicious prosecution followed.

Stinespring and Hall Finance enumerate as error: (1) the failure of the trial court to direct a verdict in favor of Hall Finance at the close of evidence; (2) errors by the court in giving or failing to give certain charges; and (3) error by the court in admitting or refusing to admit certain testimony. *Held:*

1. In the first enumeration, appellants urge error in the refusal to direct a verdict in favor of Hall Finance at the close of the evidence. This error is predicated on the alleged lack of proof showing either that Stinespring

acted within his authority in swearing out the criminal warrant against Mrs. Fields or that Hall Finance ratified that action. Hall Finance introduced evidence that it first became aware of the warrant on January 10, 1975, three days after the suit was dismissed. The area manager reprimanded Stinespring for his action and warned that a repetition would result in an automatic dismissal. Hall Finance maintained that these actions by the area manager amount to a repudiation of Stinespring's acts. There was other evidence, however, that when the area manager observed a charge to Hall Finance for the cost of the warrant, the cost was not refused or made the personal obligation of Stinespring. Furthermore, an attorney at the preliminary hearing at which the warrant against Mrs. Fields was dismissed was retained in behalf of Stinespring. This cost also was accepted by Hall Finance and not made the personal expense of Stinespring. Stinespring was not fired and in fact later was made manager of an office having a greater number of active accounts than the one at Commerce.

Stinespring testified he was charged by Hall Finance with the responsibility of making loans and thereafter collecting the same. He acknowledged there was an established procedure for swearing out a warrant which he did not follow. However, he further testified that the only reason he obtained the warrant was to coerce an early collection of the past due indebtedness. He testified he did not think it would ever come to an arrest and confinement of Mrs. Fields.

Even if we assume that Stinespring exceeded the scope of his authority in swearing out the warrant, Hall Finance still is faced with ratification of Stinespring's acts. Where the principal ratifies the tort of the agent after its commission, the liability of the principal is the same as if he had commanded it, provided the ratification is had with full knowledge on the part of the principal of the manner in which the tort was committed. *Turner v. Joiner,* 77 Ga. App. 603 (4b) (48 SE2d 907); *Wren Mobile Homes v. Midland-Guardian Co.,* 117 Ga. App. 22, 25 (159 SE2d 734). This issue was presented to the jury under comprehensive and correct instructions and resolved against the defendants. Considering all the evidence,

which must be construed most favorably toward the plaintiff, we conclude there was a factual issue to be passed upon by the jury. We cannot conclude that there was no evidence of any kind supporting the plaintiff's position on ratification. Accordingly the trial court did not err in denying a directed verdict for the defendants at the close of the evidence. *Montgomery v. Pacific & Southern Co.,* 131 Ga. App. 712, 714 (206 SE2d 631); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663).

2. In their second enumeration, appellants complain that the trial court erred in not telling the jury why it removed from its consideration the counterclaim of Hall Finance in which Hall Finance sought to recover the indebtedness owed it by Mrs. Fields. In point of fact, Mrs. Fields confessed judgment as to that indebtedness, thus removing that issue from contention.

The record does reflect that the court informed the jury only that the counterclaim was no longer an issue before them and they were to ignore that issue. However, Hall Finance's counsel, in the presence of the jury, also stated that objection was made for the record that the court did not tell the jury that Mrs. Fields had confessed judgment and that that was the reason the counterclaim was being withdrawn from the jury's consideration. Thus, it is clear that the jury was aware that Mrs. Fields had confessed judgment whether that knowledge came from the judge or from counsel.

Though several speculative contentions are advanced as to the impact of the court's failure to explain why the counterclaim was removed from the jury's consideration, at worst the counterclaim was peripheral to the questions of malicious prosecution, agency or ratification. The original indebtedness was firmly established and never disputed. It is an old and sound rule that error, assuming this to be such, must be harmful. *First Nat. Bank v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326); *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party. *Brown v. City of Atlanta,* 66 Ga. 71. This enumeration shows no harmful error.

3. In their third enumeration of error, appellants maintain the trial court erred in allowing Mrs. Fields to testify concerning abusive and profane statements made in her presence by Stinespring's employee but otherwise amounting to hearsay. The trial court allowed the evidence evidently as a part of the res gestae.

The basic contention of Mrs. Fields was that Stinespring swore out the warrant against her in retaliation for her having taken a warrant against Stinespring's fellow employee. It thus was proper to show the reason she took out the original warrant to explain her course of conduct as well as to establish the predicate for her contention of a malicious prosecution. It is beyond peradventure that a ruling or judgment of a trial court right for any reason will be affirmed by the appellate courts. *Tierce v. Davis,* 121 Ga. App. 31 (172 SE2d 488). See *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281); *Cannon v. Macon Fire &c. Board,* 137 Ga. App. 803, 804 (224 SE2d 851). Conversations or similar evidence containing facts which explain conduct or ascertain motives are admissible in evidence, not as hearsay but as original evidence. *Davis v. Farmers' &c. Bank,* 36 Ga. App. 415 (4) (136 SE 816); *Willis v. Henry,* 95 Ga. App. 593 (2) (98 SE2d 150); *Fuller v. Fuller,* 107 Ga. App. 429, 435 (130 SE2d 520). The trial court did not err in allowing such testimony.

4. Appellants urge as error in Enumeration 4 the inclusion in the charge on damages flowing from wounded feelings, loss of happiness and peace of mind, a reference to permanent impairment of the capacity to work and labor. There was absolutely no evidence offered or relevant to an impaired ability to work or labor. The nature of the action, the evidence offered in support thereof and the thrust of the charge of the court all related to mental discomfort and unhappiness. While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, the charge using the questioned language as an example only, was perfectly sound. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217); *Jones v. Tyre,* 137 Ga. App. 572, 574 (224 SE2d 512). We will find no error

where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818). This enumeration under the circumstances of this case is without substantial merit.

5. The remaining enumerations of error have been carefully considered with the exception of the last which has been abandoned. *Kelly v. Whitaker,* 133 Ga. App. 229 (1) (211 SE2d 176); *O'Kelley v. Hayes,* 132 Ga. App. 134 (1) (207 SE2d 641). The other remaining enumerations are without merit. *Parrott v. State,* 236 Ga. 394 (223 SE2d 814).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JULY 7, 1976 — DECIDED SEPTEMBER 16, 1976 — REHEARING DENIED SEPTEMBER 30, 1976 —

*L. Eddie Benton, Jr., Cathey & Strain, Dennis T. Cathey,* for appellants.

*James L. Brooks, Gregory M. Perry,* for appellee.

