32659. EDGEWORTH et al. v. EDGEWORTH.

BOWLES, Justice.

Appellants and appellee are the four sole surviving heirs of M. F. Edgeworth, Sr., who died intestate in 1964. Prior to his demise, the decedent suffered setbacks in his financial and physical well being. As a result thereof, on September 19, 1955, the decedent conveyed to his son, the appellee, his farm in Carroll County, Georgia. This conveyance was made without consideration.

Appellants never raised the question of trust in challenge to the ownership of the farm by the appellee prior to the decedent's death. However, upon learning of appellee's intention to sell the farm, nineteen years after the conveyance and ten years after the death of M. F. Edgeworth, Sr., appellants filed a petition in the Coweta Superior Court, seeking to have a trust imposed upon the property.

Upon trial of the case, the jury returned a verdict in favor of the appellee, from which the appellants appeal assigning as error the court's admission of statements made by the deceased, elicited from the appellee and two other witnesses.

During the trial, the court allowed the appellee, over a continuing objection to this line of testimony, to testify

that his father had told him that, "I will give you the other farm." Despite objections to the same effect, the court also permitted two additional witnesses to testify of conversations in which the decedent had told these witnesses that he had "given Buddy the farm."

Appellants contend that these statements were introduced for the purpose of establishing a gift from the deceased to the appellee and therefore were self-serving hearsay, inadmissible in evidence under any of the exceptions to the hearsay rule. We cannot agree.

Hearsay evidence, by statutory definition in Georgia, "is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons." Code Ann. § 38-301.

Appellee contends that the statements complained of are not hearsay at all, but original evidence, properly admitted by the court in accordance with Code Ann. § 38-302. Under that Code section, "When, in a legal investigation, information, conversation, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Thus, testimony elicited to establish the fact that something was said, not the veracity of its content, is admissible to explain conduct and ascertain motives, not as hearsay, but as original evidence.

In the instant case, appellee does not have the burden of proving ownership of the property by gift. The deed of September 19, 1955, conveying the contested property from M. F. Edgeworth, Sr. to his son, the appellee, properly executed, witnessed, delivered, and recorded establishes ownership of the property in the appellee. Nothing contained in the deed suggests that the appellee hold the property in trust for the appellants. The statements objected to are for the purpose of establishing the motive behind decedent's making of the gift to the appellee, and not for the purpose of establishing the fact that a gift was made. This line of testimony was therefore admissible not as an exception to the hearsay rule, but as original evidence, properly admitted under Code Ann. § 38-302.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED SEPTEMBER 29, 1977.

*Tisinger, Tisinger & Vance, David H. Tisinger, Thomas E. Greer,* for appellants.

*Farmer & Fanning, Millard C. Farmer, Jr., Steven E. Fanning,* for appellee.