42085. MINESS v. MINESS.

(333 SE2d 574)

GREGORY, Justice.

In this action to set aside a deed of gift, the jury found for the plaintiffs and the trial court entered an order cancelling the deed and vesting the property in the estate of the deceased grantor. Defendant, the grantee, now appeals.

Dorothy Miness, the grantor, was very ill during late 1982 and early 1983. In November 1982, she underwent surgery for a gangrenous leg and had part of her intestine removed. She had additional surgery in late January 1983. On February 1, 1983, Mrs. Miness executed a deed of gift to her son James Ellis Miness (appellant) conveying approximately 35.6 acres in two tracts of land in Liberty County. Ellis had farmed the property since the death of his father. The deed was executed in Mrs. Miness' room in a Savannah hospital. The only parties present in addition to Mrs. Miness were James Ellis Miness, his wife, and Archie Zorn, a friend of the family and notary public who had accompanied the Miness couple at the request of Ellis Miness. Zorn witnessed Mrs. Miness sign the deed and notarized it. Mrs. Miness left the hospital on February 19, 1983. She died June 7, 1983.

Appellees are heirs of Mrs. Miness and the executor under her will. They filed suit claiming the deed was invalid because Mrs. Miness was not mentally competent at the time of execution, that it was procured by fraud since Ellis Miness knew that his mother was incompetent, and that Ellis exercised undue influence in procuring his mother's signature.

1. Ellis Miness enumerated as error the refusal of the trial court to allow the testimony of witness Zorn as to a statement made by Mrs. Miness on the occasion of the execution of the deed in question. The heirs and executor argue the decision of the trial court was correct because the statement was hearsay and fit within none of the recognized exceptions to the rule against hearsay. We hold the state-

ment was not hearsay.

Zorn first testified he accompanied Ellis Miness to his mother's hospital room where a brief conversation ensued concerning the families of Zorn and Miness. When asked what then happened, Zorn replied: "Then she asked Ellis if he had the paper that was in question and he said, 'Yes, ma'am,' and she said she wanted to see it. She looked at it for a few minutes and said, 'Ellis, it's not all here.' He said, 'What you mean, Mama?' and she said, 'Well, you was supposed to. . . .' " At that point the witness was interrupted, counsel precluded from pursuing the line of questioning, the testimony stricken, and the jury admonished to disregard it. During jury deliberations counsel was allowed to make an offer of proof. Counsel stated that, if allowed to do so, Zorn would have testified that Mrs. Miness examined the deed and said, "That's not all the property?" And Ellis responded, "No, that's all." The two then had a conversation back and forth.

*McCormick* defines hearsay evidence as ". . . testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." McCormick on Evidence, 2nd ed., § 246, p. 584 (1972). The crux of this case as presented below was whether Mrs. Miness was mentally competent to make a deed. It was the condition or state of her mind which would determine the outcome of this issue. Statements she made at relevant times are evidence of the state of her mind. *Sturkie v. Skinner*, 214 Ga. 264 (104 SE2d 417) (1958). Rational statements indicate a rational mind while irrational statements indicate the converse. Thus, we see that Zorn's in-court testimony of Mrs. Miness' statement made out of court was not offered to prove the matter asserted therein — that Mrs. Miness owned other property — but to prove that she was aware of her property and what she was about to do with regard to it which, in turn, demonstrated the state of her mind. The value of the evidence rests upon the veracity of Zorn, not Mrs. Miness. Therefore, the evidence was not hearsay and it was error to exclude it.

2. The issue in Division 1 is again presented in enumerations of error 2, 3 and 4 regarding witnesses Mobley, Raeford and McLamb. The rule we follow regarding witness Zorn will apply in each instance. On retrial there must, as the trial court pointed out in the first trial, be evidence showing when the conversations occurred in order to establish their relevance.

3. In the fifth enumeration of error Ellis Miness complains that the trial court did not allow counsel to complete the direct examination of witness McLamb. However, this issue was not raised below and will not be considered on appeal. *Hudson v. State*, 250 Ga. 479,

484 (299 SE2d 531) (1983).
*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1984.

*John E. Pirkle,* for appellant.
*A. G. Wells, Jr.,* for appellee.