72307. BROWN v. THE STATE.
(346 SE2d 85)

BIRDSONG, Presiding Judge.

The appellant Chamella Brown was arrested at Hartsfield International Airport on a charge of possession of marijuana with intent to distribute. Customs officials found fourteen pounds of marijuana concealed in the sides of her luggage. When arrested, Brown claimed the luggage was hers, but that she knew nothing about the marijuana. At trial, she testified that by this she meant this was the luggage she was carrying, but that she did not own the luggage and that it had been given to her by a friend in Jamaica to take to a person in Houston, Texas. She testified she often travels to Jamaica where her family lives and often delivers items for friends. The friend owned a dress shop and Brown thought the luggage contained dresses. At trial she attempted to say what the friend in Jamaica told her in explaining why the friend wanted her to take this luggage to Houston, but the state objected on the basis that this was hearsay; that it did not explain Brown's motives or conduct but served only to explain a third person's motives, and thus was not admissible under *Momon v. State*, 249 Ga. 865 (294 SE2d 482) and *Teague v. State*, 252 Ga. 534 (314 SE2d 910). The trial court excluded the evidence, under the apprehension that these cases held a witness could not testify to the statements of a third person to explain why the witness acted as she did "if that is the essence of what the jury is to determine." Brown was found guilty. *Held*:

"[I]t does not follow, because the . . . words in question are those of a third person, not under oath, that therefore they are to be considered as hearsay. On the contrary, it happens in many cases, that *the very fact in controversy is, whether such things were written, or spoken, and not whether they were true.* [Cit.] [Emphasis supplied.] . . . Thus, where the question is, whether the party acted prudently, wisely, or in good faith, the *information*, on which he acted, whether true or false, is original and material evidence. . . . [C]*onversations* addressed to a person, whose [criminality] is the fact in question, being connected in evidence with some act done by him, are original evidence to show whether he was [guilty of a crime], or not. . . . This doctrine applies to all other communications, wherever the fact that such communication was made, and not its truth or falsity, is the point in controversy. [Cit.]" *Momon v. State,* supra at 866-867. "When, in a legal investigation, *the conduct and motives of the actor . . . concerning which the truth must be found* (i.e., are relevant to the issues on trial), then information [and] conversations . . . are admissible to explain the actor's conduct. [Cits.] But where the . . . motives of the actor are not matters concerning which the truth must be found . . . then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2]." Id.

In *Momon* and *Teague,* what was said to police officers was deemed inadmissible hearsay because the motives and conduct of the investigating police officers were not relevant to the issues on trial. However, the truth being directly sought in this case was the motives and conduct of the defendant. Brown offered this evidence not to prove the truth of what the friend in Jamaica allegedly said (as obviously it was not true), but to prove the friend said it and thus explain why Brown took the suitcases. Nothing could be more pertinent to the fact the jury had to determine: Whether Brown possessed the marijuana *with intent to distribute.*

The evidence was not, as the state argues, sought to be admitted as evidence establishing the motives of the third party; but it was submitted to explain the motives and conduct of the appellant, and was therefore original evidence. See *Bennett v. State,* 49 Ga. App. 804 (176 SE 148). The credibility or even absurdity of any such evidence is not an element which determines its admissibility, and is not a question for this court or the trial court. See *Mulkey v. State,* 155 Ga. App. 304, 307 (270 SE2d 816). "If there be any question as to the credibility of the testimony, still the jury ought to receive it and determine its credibility" as it determines credibility of other evidence. Id.

However, the error was harmless in this case. The appellant did explain to the jury that she did not own the luggage but was carrying it at the request of a friend that she was to deliver it in Houston,

Texas to the friend's sister; and since the friend owned a dress shop, she assumed the luggage contained clothes. She also testified the friend was Clover Jobson, that Clover Jobson was on this flight with her; that she did not deny knowing Clover Jobson when asked by the agent but simply did not answer. Furthermore, when the agent asked her to admit the luggage belonged to Clover Jobson, she did not tell the agent the luggage belonged to Clover Jobson. The agent testified defendant denied she was traveling with anyone else, denied traveling with Clover Jobson, and said she did not know her. Under all this evidence, it is clear that not only did appellant succeed in explaining that the luggage was not hers and that this was someone else's luggage she was to deliver in Houston, but the jury also had the benefit of her testimony that this other person was also on the plane and, moreover, that appellant denied this fact when questioned pointedly by the agent. Under this evidence, it is highly probable that the verdict of guilt on the crime charged was not affected by the trial court's failure to let her repeat the exact words Clover Jobson told her in explaining why her carriage of Clover Jobson's luggage was without criminal intent. *Hamilton v. State*, 239 Ga. 72, 76-77 (235 SE2d 515).

Moreover, appellant cannot complain of the error because no offer was made at the time the evidence was offered to show the substance of the evidence to the trial court. *Thompson v. Hill*, 143 Ga. App. 272 (238 SE2d 271); *Williams v. Tribble*, 140 Ga. App. 390 (231 SE2d 86); *Carter v. Tatum*, 134 Ga. App. 345 (212 SE2d 439). The offer of proof was not made in this case until after the close of the evidence, which was too late to do any good at all. See 11 EGL, Evid., § 10 (1979 rev.); 10 EGL, Evid., § 18 (1979 rev.). The burden is on the appellant to show error. *McKenzey v. State*, 127 Ga. App. 304 (1) (193 SE2d 226). We have no basis for assuming the error to be harmful; appellant did explain the luggage was not hers and that she was carrying it for a friend; and there is no showing the excluded evidence was not merely cumulative; nor can we, not knowing what the substance of the evidence was, possibly say it was highly probable the exclusion was error.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED MAY 23, 1986 —
REHEARING DENIED JUNE 4, 1986 — ▮

*Lee Sexton*, for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Clifford A. Sticher, Assistant District Attorneys*, for appellee.