## 72261. ROSS v. THE STATE.
(346 SE2d 87)

SOGNIER, Judge.

Appellant was convicted of armed robbery. In his sole enumeration of error appellant contends the trial court erred by not permitting him to testify that he was under the influence of PCP (a drug), and thus, unable to possess sufficient mental capacity to form a criminal intent.

At a *Jackson-Denno* hearing on the voluntariness of appellant's confession, appellant testified that while he was in jail after his arrest, his co-accused told appellant that he (the co-accused) had put PCP in appellant's drink, without appellant's knowledge, prior to the robbery. The trial court ruled that appellant could not testify to this fact as it was hearsay and did not come within the exception to the hearsay rule set forth in OCGA § 24-3-2. That section provides, in pertinent part: "When, in a legal investigation, . . . conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." Appellant contends the trial court's ruling was error because his sole defense was that he was involuntarily intoxicated, and thus, did not possess the requisite criminal intent. We do not agree.

The exception to the hearsay rule set forth in § 24-3-2 applies to communications whenever the fact that such communication was made, *and not its truth or falsity*, is the point in issue. *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). Unlike the recent case of *Brown v. State*, 179 Ga. App. 280 (346 SE2d 85) (1986) where the defendant was offering testimony as to what her friend told her to explain why the defendant was carrying a suitcase containing drugs, appellant here was offering his testimony not to establish that he had a conversation with his co-accused, but to establish the *truth* of what his co-accused had told appellant, i.e., to prove that appellant was under the influence of PCP at the time of the robbery. Thus, it does not qualify as original evidence under the provisions of § 24-3-2. *Momon*, supra. Further, the testimony was not offered to explain appellant's conduct *after* the conversation, but to explain his *prior* conduct in committing the armed robbery.

Appellant also contends the testimony was admissible because the State did not call appellant's co-accused as a witness after listing him as a State witness on the indictment. This contention has been decided adversely to appellant. *Glover v. State*, 149 Ga. App. 369, 371 (254 SE2d 492) (1979). Hence, the trial court did not err by excluding appellant's testimony as to what his co-accused told him in jail.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

*Roger L. Curry*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.