## 73307. BROWN v. GEORGIA POWER COMPANY.
(352 SE2d 818)

McMURRAY, Presiding Judge.

This marks the second appearance of this workers' compensation case in our court. On September 13, 1980, claimant, a winch truck operator, injured his left knee in a compensable accident. He was disabled for nine months and he received compensation benefits during that period of time. When he returned to work claimant was able to perform his job even though he experienced pain and soreness in his left knee.

On August 14, 1981, claimant was working on a hillside when his knee gave way and he fell. Nevertheless, claimant continued working with pain and effort (he testified that he needed his full salary) until he was terminated by his employer on September 24, 1981. (Claimant was discharged because he reconnected the electricity to his house after it had been cut off for non-payment of the bill.)

During the last weeks of his employment, claimant took on a part-time job at a restaurant to earn extra cash. Following his termination by the employer, claimant continued to work for the restaurant on a part-time basis doing odd jobs.

Claimant brought a change of condition proceeding. At the hearing, he testified that he sought full-time employment following his discharge and that he would have continued to work for the employer if he had not been discharged. Claimant testified further that he was unable to get another job and that his physical condition and job history made it difficult to find other work. In claimant's words: "I applied at Jackson Electric EMC, I have applied at Scientific Atlanta. I have got about fifty resumes out right now, and they have turned me down, you fill out an application and you put down on there were you discharged or not, to be honest with them, yes, I was discharged, and for what reasons, and I told them. And then it says on the other part of the application or on every application I filled out, it says on your health, and I cannot, it's hard for me to get a job right now with my knee bad and I was fired for doing some wrongful act."

Following the hearing, the Administrative Law Judge determined

that claimant was entitled to partial disability benefits. The award was adopted by the full board and the superior court affirmed. This court reversed with direction, *Georgia Power Co. v. Brown*, 169 Ga. App. 45 (311 SE2d 236), holding that the board failed to determine whether claimant's inability to secure full-time work after he was terminated was the proximate result of an injury sustained while in the employer's employment.

Upon remand, no additional evidence was heard by the full board. Nevertheless, the board amended its findings and determined "that following his termination, claimant unsuccessfully attempted to find suitable work with other employers . . . This inability to secure employment elsewhere was caused *at least in part* by his compensable injury." (Emphasis supplied.) Thus, the board adhered to its original award.

The employer appealed and the superior court reversed, ruling that the board did not "make the causal connection between claimant's change in economic condition and the original work related injury. Further, review of the record reflects no evidence upon which the Board could have made the requisite finding of proximate cause." Thus, the superior court determined that an award should be entered in favor of the employer.

Claimant sought, and we granted, a discretionary appeal from the superior court's ruling. *Held*:

1. "It is well settled that where an employee returns to work following a disabling injury and is then discharged for a cause unrelated to the injury, he is entitled to receive benefits for loss of earning capacity if he is unable to find other employment because of his disability. [Cits.]" *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326, 327 (316 SE2d 535). Thus, the burden was on the claimant to show that his inability to obtain full-time employment was "proximately caused" by his accidental injury. *Georgia Power Co. v. Brown*, 169 Ga. App. 45, 49, supra; *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287, 288 (248 SE2d 661).

The term "proximate cause" means "the dominant cause." *McMahen v. Nashville &c. R. Co.*, 68 Ga. App. 397, 402 (23 SE2d 81). It has no reference to causes which may be merely incidental. The full board found that claimant's injury caused "at least in part" his inability to secure other employment. In so doing, the full board failed to sort through the evidence and put its finger on the "proximate cause" of claimant's continued unemployment. Was claimant's injury the "proximate cause," the "dominant cause," of his inability to find a job? Or was claimant unable to find a job because he had been discharged for cause by his employer? In other words, was the injury a mere incidental cause of claimant's continued unemployment? The board's finding does not provide an answer to these questions.

502

We recognize that "[t]he distinction between proximate and remote causes is not to be too rigorously pressed in the application of the Workmen's Compensation Act. *Thomas v. U. S. Cas. Co.*, 218 Ga. 493, 494 (128 SE2d 749)." *Travelers Ins. Co. v. Caldwell*, 135 Ga. App. 640, 641 (218 SE2d 653). Nevertheless, we find that the full board failed to apply the proper measuring stick, i.e. "proximate cause," in the case sub judice. Accordingly, we agree with the conclusion of the superior court that the board did not "make the causal connection between claimant's change in economic condition and the original work related injury."

2. We must take issue, however, with the superior court's conclusion that a "review of the record reflects no evidence upon which the Board could have made the requisite finding of proximate cause." We think the claimant's testimony ("it's hard for me to get a job right now with my knee bad") would support a finding of proximate cause to secure employment elsewhere under the "any evidence" rule. *North Ga. Technical &c. School v. Boatwright*, 144 Ga. App. 66, 67 (240 SE2d 563). See also *Bull & Son v. Carpenter*, 32 Ga. App. 637, 639 (124 SE 381). Accordingly, we reverse with direction that this case be remanded for the full board to determine whether claimant's inability to secure other employment was proximately caused by his accidental injury.

*Judgment reversed with direction. Carley and Pope, JJ., concur.*

DECIDED JANUARY 9, 1987.

*Sandra K. Bell*, for appellant.
*Steven L. Head*, for appellee.