73717. CHEVROLET-PONTIAC-CANADA GROUP, GENERAL MOTORS CORPORATION v. MILLAR.
(357 SE2d 598)

CARLEY, Judge.

The appellant-employer was granted leave to file this discretionary appeal from an order of the superior court affirming the Full Board's award of workers' compensation benefits to appellee-employee.

1. Appellant urges that the award of the Full Board contains factual misstatements. " '(A) misstatement of significant testimony will be ground for referral back to the board of an award (even if) otherwise supported by evidence where it is possible that a proper understanding of the evidence might have caused the finder of fact to reach a different conclusion.' [Cits.] 'The most that the superior court or this court can do is, if it finds a significant misstatement of testimony in the finding of facts which in all likelihood erroneously influenced the award, to remand the case for further consideration. [Cit.]' [Cit.]" *Fidelity & Cas. Ins. Co. v. CIGNA/Pacific Employers Ins. Co.,* 180 Ga. App. 159, 162 (2) (348 SE2d 702) (1986). Accordingly, the first issue to be determined is whether there are factual misstatements contained in the award and, if so, whether they are of such significance as to warrant a remand.

It does appear that the award erroneously states that appellee had back surgery in March of 1984. Appellee's surgery was actually performed in March of 1985. However, the error is insignificant. The date that appellee underwent surgery would have no material bearing whatsoever on the ultimate validity of the award. See *Murphy v. Uniroyal,* 138 Ga. App. 773, 774 (3) (227 SE2d 506) (1976). Compare *Fidelity & Cas. Ins. Co. v. CIGNA/Pacific Employers Ins. Co.,* supra, wherein the date of the employee's injury was decisive.

The award also misstates that a certain electromyelogram (EMG) study showed abnormal results at the C 6-7 area of appellee's spine. The results of that specific EMG study were normal. However, evi-

dence of another EMG and of various other tests did show that appellee exhibited abnormalities at C 6-7. Moreover, appellee did eventually require surgery to remove a damaged disc at that space. Considering the additional evidence, any misstatement as to the results of one test would clearly be insignificant. Compare *Fidelity & Cas. Ins. Co. v. CIGNA/Pacific Employers Ins. Co.*, supra, wherein the finding of facts erroneously stated that a herniated disc had been diagnosed months before the only admissible evidence showed that it was actually diagnosed.

2. Appellant contends that the injury did not arise out of or in the course of appellee's employment and is, therefore, not compensable.

Prior to seeking workers' compensation benefits, appellee suffered a back injury in an automobile collision. The award of the Administrative Law Judge (ALJ), as adopted by the Full Board, found that appellee had sustained "an aggravation of her pre-existing condition which arose both out of and in the course of her employment." "It is the law in this state that if there is any evidence to support a finding of the Workers' Compensation Board, the superior court may not reverse the award unless errors of law were committed." *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon*, 165 Ga. App. 610 (1) (302 SE2d 401) (1983). The award to appellee is supported by evidence that her previously-existing back injury was aggravated by the strenuous physical labor that she performed in her employment with appellant. " '(I)f the employment contributes to the aggravation of the pre-existing injury, it is an accident under our compensation law, and is compensable and it is not necessary that there be a specific job-connected incident which aggravates the previous injury. . . .' [Cits.] It is well established that an employee need not be in perfect health or free from disease at the time he received the injury to recover under the Act; the employer takes his employee as it finds him and assumes the risk of a diseased condition aggravated by injury. [Cits.]" *Colonial Stores v. Hambrick*, 176 Ga. App. 544, 545-546 (3) (336 SE2d 617) (1985).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 19, 1987.

*Lloyd Sutter, Melvin K. Westmoreland*, for appellant.
*H. Clifton Conrad, Jr., H. Durance Lowendick*, for appellee.