A94A0239. GORDON COUNTY FARM et al. v. MALONEY.
(447 SE2d 623)

JOHNSON, Judge.

Connie Maloney injured her left shoulder while working for Gordon County Farm and received workers' compensation benefits. After missing more than a year of employment, Maloney returned to Gordon for light duty work. Gordon subsequently terminated Maloney's employment for a cause unrelated to her injury when she left work early without permission. Asserting that she is unable to find other suitable employment due to her injury, Maloney filed a claim seeking recommencement of disability benefits based on a change in condition. The administrative law judge awarded disability benefits to Maloney and the State Board of Workers' Compensation adopted the ALJ's award. Gordon and its insurer, Travelers Insurance Company, appealed to the superior court. The court failed to enter a timely order, resulting in the board's ruling being affirmed by operation of law. OCGA § 34-9-105 (b). We granted the application of Gordon and Travelers for discretionary review.

1. Gordon and Travelers assert that there is no evidence to support the award of the ALJ and the board. "The controlling principle in appeals such as this is that disabled employees are entitled to resumption of benefits, even if terminated from subsequent employment because of their own misconduct, if their disabilities prevent them from finding further employment. The burden is on the employees, however, to prove that their inability to find full-time employment was proximately caused by their disabilities." (Citations and punctuation omitted.) *Aden's Minit Market v. Landon,* 202 Ga. App. 219, 220 (413 SE2d 738) (1991). The only evidence offered by Maloney to prove that her inability to find employment is proximately caused by her shoulder injury is her own testimony that the manager of a Burger King restaurant where she applied for a job told her that the restaurant could not hire her because she is "on Workmen's

Comp." The ALJ ruled that Maloney's testimony is admissible both as original evidence to explain conduct and under the res gestae exception to the hearsay rule. The ALJ's ruling, adopted by the board, is incorrect.

OCGA § 24-3-2 provides, "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." The rule "set forth in § 24-3-2 applies to communications whenever the fact that such communication was made, *and not its truth or falsity,* is the point in issue. [Cit.]" (Emphasis in original.) *Ross v. State,* 179 Ga. App. 283 (346 SE2d 87) (1986); see also OCGA § 24-3-1. Here, the ALJ allowed Maloney to testify about the restaurant manager's statement not merely to prove that the statement was made, but to establish the truth of the statement; i.e., that the restaurant refused to hire Maloney because of her compensable shoulder injury. Because Maloney's testimony was admitted to prove the truth of the manager's statement, it is inadmissible hearsay that does not qualify as original evidence under OCGA § 24-3-2.

The restaurant manager's statement also is not admissible as part of the res gestae. "Our Code includes a 'res gestae' exception to the hearsay rule. OCGA § 24-3-3. [The] McCormick [treatise on evidence] describes res gestae to include: (1) statements of present sense impressions; (2) excited utterances; (3) statements of present bodily condition; and (4) statements of present mental states and emotions." (Citation omitted.) *Brantley v. State,* 262 Ga. 786, 790, n. 4 (427 SE2d 758) (1993); *Fountain v. State,* 136 Ga. App. 229, 230, n. 3 (220 SE2d 705) (1975). The manager's purported refusal to hire Maloney because she is receiving workers' compensation is not an excited utterance or a statement of sensory impression, bodily condition, mental state or emotion. The hearsay statement testified to by Maloney, unlike the above four categories, is not sufficiently reliable to fall under the res gestae exception. The ALJ erred in admitting Maloney's unreliable hearsay testimony.

The dissenters argue that there is evidence in the record other than this improper hearsay testimony which supports the ALJ's finding. They cite, as additional evidence, Maloney's testimony that an assistant manager from Burger King called her on the telephone and offered her a job as biscuit maker, but then withdrew the offer when she revealed her physical limitations. Contrary to the claim of the dissents, this testimony is not competent evidence to support the ALJ's finding, but is itself inadmissible hearsay. OCGA § 24-3-1. The dissents attempt to avoid the inadmissibility of this hearsay testimony by characterizing it as evidence of the timing of the job offer and its subsequent withdrawal. This characterization is incorrect. The only

evidence of this alleged telephone call from the manager is Maloney's own testimony. This testimony was plainly offered at the administrative hearing, and is in fact relied on by the dissents, not merely as evidence of the timing of the purported telephone call, but as evidence of the truth of the alleged statements made by the manager during that call; i.e., that the manager actually offered the job to Maloney and then withdrew the offer. Since Maloney testified to prove the substance of statements attributed to the manager, her testimony is inadmissible hearsay which cannot support the ALJ's award. Compare *Fletcher v. Ford*, 189 Ga. App. 665, 667. (1) (377 SE2d 206) (1988).

As in *Aden's Minit Market*, supra, "there is little question that [Maloney] remains disabled to some degree because of her prior compensable injury. Also, [Maloney's] testimony established that she sought employment with several possible employers and was rejected. This proof, however, is not sufficient to meet her burden as the record is silent on the reasons why she was not hired by any of these other employers." The mere fact that Maloney was not hired by these other employers, without more, does not establish proximate cause between her disability and her failure to be hired. There are many possible reasons why these other employers did not hire Maloney; for example, they may have thought she was not qualified, they may not have had any openings or they may have had more qualified applicants. It is impossible, based on the record before us, to determine why these employers did not hire Maloney. Because there is no evidence in the record, other than the improper hearsay testimony, supporting the finding of the ALJ and the board that Maloney met her burden of proving that she has been unable to find further employment because of her injury, the superior court's affirmance of the award of benefits must be reversed. *State v. Bardge*, 211 Ga. App. 307, 309-310 (439 SE2d 1) (1993).

2. Based on our holding in Division 1, we need not address the appellants' remaining arguments.

*Judgment reversed. Birdsong, P. J., Andrews, Blackburn, JJ., and Senior Appellate Judge Harold R. Banke concur. Pope, C. J., McMurray, P. J., Beasley, P. J., and Smith, J., dissent.*

POPE, Chief Judge, dissenting.

Although I agree that the claimant's testimony that the assistant manager of Burger King told her she could not be hired because she was "on Workmen's Comp." was inadmissible hearsay, I do not agree that this inadmissible hearsay was the only evidence offered by the claimant to show her injury was the proximate cause of her inability to find employment. The claimant testified that Burger King offered her a job as biscuit maker but then withdrew the offer when she told

its representative (the assistant manager who called with the offer) about her physical limitations. While the claimant's testimony regarding the assistant manager's statement of why she withdrew the offer is inadmissible hearsay, the fact and timing of the offer and its subsequent withdrawal (i.e., the assistant manager called with the offer, the claimant informed the assistant manager of her physical limitations, and the assistant manager then withdrew the offer) is not.

The majority contends that even this testimony regarding the fact of the offer is hearsay. However, the fact that someone said or did something is not hearsay simply because some conversation was involved; testimony regarding the statement of an out-of-court declarant is hearsay only to the extent it is used to prove the truth of the substance of the statement. See *Fugitt v. State,* 256 Ga. 292 (1c) (348 SE2d 451) (1986); *Miness v. Miness,* 254 Ga. 658 (1) (333 SE2d 574) (1985). "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1. The value of the claimant's testimony regarding the occurrence of the offer and withdrawal, unlike that of her testimony about the manager's reasons for the withdrawal, depends on her own credibility rather than that of the absent manager. Accordingly, it is not hearsay and is admissible.

The claimant's evidence of the timing of the withdrawal of the offer is more than the claimant was able to present in *Aden's Minit Market v. Landon,* 202 Ga. App. 219, 220 (413 SE2d 738) (1991), and is sufficient to support the inference that the claimant's inability to find employment is proximately caused by her injury in this case. Indeed, it is difficult to imagine a scenario in which circumstantial evidence of a causal relationship would be stronger. Thus, if we hold that the circumstances of the offer and its withdrawal cannot be considered because they occurred in the context of a conversation, we are effectively saying that causation can be proved only by direct evidence from a potential employer — which is, of course, highly unlikely.

Normally we affirm the Board's award if there is any evidence to support it. See *Chevrolet &c., GMC v. Millar,* 182 Ga. App. 889 (2) (357 SE2d 598) (1987); OCGA § 34-9-105 (c). In this case, however, the ALJ's award (which was adopted by the Board) makes it clear that his conclusion that plaintiff met her burden of showing proximate cause hinged on the inadmissible hearsay testimony. When the ALJ's award contains a significant misstatement of fact, we have held that the case should be remanded back to the Board for further consideration *"even if otherwise supported by evidence* where it is possible that a proper understanding of the evidence might have caused the finder of fact to reach a different conclusion." (Citations and punctuation omitted; emphasis supplied.) *Fidelity &c. Ins. Co. v.*

*CIGNA/Pacific &c. Ins. Co.*, 180 Ga. App. 159, 162 (2) (348 SE2d 702) (1986); see also *Dept. of Pub. Safety v. Boatright*, 188 Ga. App. 612 (2) (373 SE2d 770) (1988). The reason for remand in such cases is that the award should be based on proper evidence, meaning evidence which is both accurate and admissible. This situation, in which the record shows that inadmissible hearsay evidence influenced the ALJ's finding that the claimant met her burden of proof, is analogous to situations involving misstatements of fact by the ALJ. It is therefore my opinion that we should reverse with direction that the case be remanded for the Board to determine whether the claimant showed her inability to find employment was proximately caused by her injury even if the inadmissible hearsay is not considered. See *Brown v. Ga. Power Co.*, 181 Ga. App. 500 (2) (352 SE2d 818) (1987).

I am authorized to state that Presiding Judge McMurray joins in this dissent.

BEASLEY, Presiding Judge, dissenting.

The judgment should be affirmed under the rule that if there is any evidence to support the agency's decision, it shall be affirmed. OCGA § 50-13-19 (h) (5); *Atlanta Gas Light Co. v. Ga. Pub. Svc. Comm.*, 212 Ga. App. 575 (1) (442 SE2d 860) (1994). The superior court, sitting in its appellate capacity, would have had to honor that rule had it reviewed the case, and so must we. *Ga. Power Co. v. Ga. Pub. Svc. Comm.*, 196 Ga. App. 572, 579-581 (5) (396 SE2d 562) (1990).

Even if the prospective employer's statement is not admissible under OCGA § 24-3-2 to explain the reason for its action, a ruling I am not prepared to agree with,[1] there is other evidence supporting the claim. The claimant testified that the restaurant (Burger King) offered her a job as biscuit maker but withdrew the offer when she told its representative (the assistant manager who called with the offer) about her physical limitations. She even had experience in restaurant work. Claimant also went through the Department of Labor in Rome and made application to other prospective employers, namely retailers Lowe's, Po' Folks, Wal-Mart, and K-Mart. On each application she had to state that she was receiving workers' compensation benefits and had job limitations due to injury. Not one called her back. She testified that her physical limitations prevented regular duty employment, and her medical evidence showed her restrictions.

Thus there is evidence, including reasonable inferences, to carry

---

[1] See *White v. East Lake Land Co.*, 96 Ga. 415, 420 (4) (1895); *Atlanta Gas Light Co. v. Slaton*, 117 Ga. App. 317, 319 (2) (160 SE2d 414) (1968); *Edgeworth v. Edgeworth*, 239 Ga. 811, 812 (239 SE2d 16) (1977); *Stinespring v. Fields*, 139 Ga. App. 715, 719 (3) (229 SE2d 495) (1976).

the claimant's burden to prove by a preponderance that her inability to find employment was proximately caused by her disability. *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978); *Aden's Minit Market v. Landon*, 202 Ga. App. 219, 220 (413 SE2d 738) (1991). The ALJ found, which finding the appellate division of the board adopted, that Burger King's decision not to hire claimant "was based on the fact that she had physical restrictions resulting from the compensable injury as well as the fact that she had brought a workers' compensation claim." Excluding the prospective employer's statement, claimant still showed by all her evidence that the injury caused an economic change in condition. That is what she must do, to prevail. *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 49 (2) (311 SE2d 236) (1983). The law, and in particular *Aden's Minit Market*, supra, does not require her to obtain the testimony of the employers who rejected her application, to the effect that the reason was her injury-caused limitations. To impose such would introduce an extremely difficult, if not impossible, requirement and could subject the employer to sanction under the Americans with Disabilities Act of 1990. 42 USC § 12101 et seq.

It is unnecessary to remand the case to the superior court to remand to the board to reconsider based on all the evidence except the prospective employer's statement. There was other evidence, including the claimant's testimony concerning what transpired with respect to that Burger King application, permitting the inference that the reason for withdrawal of the offer was her physical limitations. Thus the manager's statement was not of such significance that the factfinder must begin anew. See *Chevrolet &c., GMC v. Millar*, 182 Ga. App. 889 (1) (357 SE2d 598) (1987).

This differs from the situation in *Brown v. Ga. Power Co.*, 181 Ga. App. 500 (352 SE2d 818) (1987), where the case was remanded because the board failed to apply the proper *test* with respect to determining causal connection. The board's *function* was performed with the wrong measuring stick. Here the board merely took into account evidence which, although the majority deems it inadmissible, was evidence of a fact otherwise proved.

I am authorized to state that Judge Smith joins in this dissent.

DECIDED JUNE 21, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — ■

*Baker, Russell & Pacious, Edwin G. Russell, Jr.*, for appellants.
*Mundy & Gammage, E. Lamar Gammage, Jr.*, for appellee.
*Kissiah & Associates, Richard C. Kissiah, Melinda K. Wells, Da-*

*vidson & Strain, John M. Strain*, amici curiae.