## A03A2321. THOMPSON v. THOMPSON et al.
### (591 SE2d 494)

BLACKBURN, Presiding Judge.

Following a jury verdict in favor of Dr. Bobby D. Thompson in this medical malpractice action, J. Coleman Tidwell, as trustee in bankruptcy for Norma S. Thompson, appeals, arguing that the trial court erred in instructing the jury that proximate cause is sometimes referred to as the "dominant cause." As this issue has previously been decided adversely to Tidwell, we affirm.

The trial court instructed the jury as follows:

I will now give you the rule for determining whether injuries resulted from the Defendant's negligence, if you find any on his part, and you will decide whether such negligence, if you find any, is the legal cause, sometimes called the proximate cause, of her injuries and damages. Now the proximate cause, Members of the Jury, I mean the natural and continuous sequence unbroken by other causes where it produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes as distinguished from remote. That which stands last in causation, not necessarily in time or place, but in causal relationship, it is sometimes called the dominant cause.

With the exception of the final clause, "it is sometimes called the dominant cause," this instruction sets forth the definition of proximate cause found in the pattern jury instructions,[1] and was the charge, nearly verbatim, found acceptable in *Locke v. Vonalt*.[2] Concerning the final clause,

[a]lthough we do not approve of the term "dominant cause" in defining "proximate cause," in the context of the facts of this case we find no prejudicial error in view of the full and correct charge on proximate cause and the use of only a casual reference that sometimes proximate cause is called the

---

[1] Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. I: Civil Cases (3rd ed.), p. 231.

[2] *Locke v. Vonalt*, 189 Ga. App. 783, 788 (7) (377 SE2d 696) (1989).

dominant cause. *Brown* [*v. Ga. Power Co.*],[3] *Eberhart* [*v. Seaboard Air-Line R. Co.*],[4] and *McMahen* [*v. Nashville &c. R. Co.*][5] have called "proximate cause" the "dominant cause," so the trial court's statement is correct. In other cases we have referred to "proximate cause" as the "preponderating" cause. Accordingly, we find no reversible error in the charge as a whole.

(Citation omitted.) *Locke*, supra at 788 (7).
*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 11, 2003 — 

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Weinberg, Wheeler, Hudgins, Gunn & Dial, John K. Train IV, Julye M. Johns*, for appellees.

---

[3] *Brown v. Ga. Power Co.*, 181 Ga. App. 500 (352 SE2d 818) (1987).
[4] *Eberhart v. Seaboard Air-Line R. Co.*, 34 Ga. App. 49 (129 SE 2) (1925).
[5] *McMahen v. Nashville &c. R. Co.*, 68 Ga. App. 397 (23 SE2d 81) (1942).