S04G0766. THOMPSON v. THOMPSON et al.
(605 SE2d 30)

SEARS, Presiding Justice.

We granted certiorari in this case to consider whether the trial court erred in charging the jury that proximate cause is "sometimes

called the dominant cause."[1] The Court of Appeals noted that the use of the phrase "dominant cause" had been disapproved in this State, but it found no reversible error in the use of the phrase in this case. Because we conclude that the use of the dominant cause language was error, and because we conclude that it was not harmless, we reverse the judgment of the Court of Appeals.

In this medical malpractice action, the issue was whether the plaintiff's anesthesiologist committed malpractice by failing to stop the plaintiff's surgeon from beginning the operation or by failing to take corrective measures in the operating room once the surgeon allegedly had broken the sterile field. After the surgery, the plaintiff developed an infection and had to have multiple corrective and cosmetic surgeries. The plaintiff settled with the surgeon, and the case against the anesthesiologist went to trial. At trial, the trial court charged the jury, among other things, that proximate cause "is sometimes called the dominant cause." The plaintiff objected to the charge. The jury subsequently returned a verdict in favor of the anesthesiologist, and the Court of Appeals affirmed, finding no reversible error in the trial court's charge.[2]

Although this Court has never addressed the propriety of the dominant cause language, the Court of Appeals has disapproved the use of the charge on several occasions before the present case.[3] For example, in *Joiner*, the defendant requested a charge on proximate cause that contained the phrase "dominant cause." The trial court refused to give the charge, and the Court of Appeals affirmed, ruling that the phrase implied that there could be only one proximate cause of an injury; that, however, there may be more than one proximate cause of an injury, particularly in cases involving more than one tortfeasor; and that the charge in question therefore could confuse and mislead the jury.[4] In this same vein, a leading treatise states that there may be more than one proximate cause of an injury and that, for this reason, "instructions to the jury that they must find the defendant's conduct to be . . . 'the dominant cause' . . . of the [plaintiff's] injury are rightly condemned as misleading error."[5] As explained by

---

[1] *Thompson v. Thompson*, 264 Ga. App. 628 (591 SE2d 494) (2003).

[2] Id. at 628-629.

[3] *Joiner v. Lane*, 235 Ga. App. 121, 122-123 (508 SE2d 203) (1998); *Whitley v. Gwinnett County*, 221 Ga. App. 18, 24 (470 SE2d 724) (1996); *Locke v. Vonalt*, 189 Ga. App. 783, 787-788 (377 SE2d 696) (1989). See also the special concurrence of Justice Weltner in *Atlanta Obstetrics & Gynecology Group v. Coleman*, 260 Ga. 569, 571-573, nn. 3, 5 (398 SE2d 16) (1990), in which he criticizes the use of the phrase "dominant cause."

[4] *Joiner*, 235 Ga. App. at 122-123.

[5] Prosser and Keeton, The Law of Torts, § 41, p. 266 (5th ed. 1984). Accord *Trull v. Volkswagen of America*, 761 A2d 477, 482 (N.H. 2000) ("[T]he plaintiff need not show that the defendant's design was the . . . dominant cause of the injuries.").

the Minnesota Supreme Court, instructing a jury that "proximate cause is the dominant cause [is] clearly erroneous since a cause is dominant only if it excludes and overshadows all other causes."[6] Moreover, for this reason, the use of the term "dominant cause" in cases involving several alleged tortfeasors is contrary to the general principle of tort law in this State that one tortfeasor may be liable for the acts of a subsequent tortfeasor if he could have foreseen or anticipated the negligent acts of the subsequent tortfeasor.[7]

For the foregoing reasons, we conclude that the trial court erred in charging the jury that proximate cause is "sometimes called the dominant cause."[8] Moreover, we conclude that this error was not harmless under the circumstances of this case. As noted by the Court of Appeals in *Joiner*,[9] the charge can mislead and confuse a jury in a case involving more than one tortfeasor. Here, the jury could have erroneously concluded that the anesthesiologist's failure to stop the surgery or to fix the sterile field had to be the dominant or lead cause of the patient's injuries and had to overshadow the actions of the surgeon for the patient to prevail in her action against the anesthesiologist. It is highly unlikely that the jury would conclude that the anesthesiologist's actions dominated or overshadowed the actions of the surgeon, given the significant allegations of malpractice against the surgeon. Moreover, no other part of the charge on proximate cause given by the trial court lessened the harm caused by the dominant cause language.

Accordingly, we hold that it was reversible error for the trial court to use the phrase "dominant cause" when defining proximate cause for the jury.

*Judgment reversed. All the Justices concur.*

---

[6] (Punctuation and emphasis omitted.) *Wozniak v. Luta*, 103 NW2d 870, 875 (Minn. 1960), quoting *Strobel v. Chicago, R.I. & P.R. Co.*, 96 NW2d 195, 199 (Minn. 1959).

[7] *Ontario Sewing Machine Co. v. Smith*, 275 Ga. 683, 686 (572 SE2d 533) (2002); *Williams v. Grier*, 196 Ga. 327, 336 (26 SE2d 698) (1943).

"[T]he general rule is that if, subsequently to an original wrongful . . . act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Williams*, 196 Ga. at 336-337.

[8] See *John Crane, Inc. v. Jones*, 278 Ga. 747 (604 SE2d 822) (2004) (holding that, in a case involving joint tortfeasors, trial court was not required to charge that each tortfeasor had to be a "substantial" contributing factor in producing the plaintiff's injuries in order to be considered a proximate cause of the injuries).

[9] 235 Ga. App. at 122-123.

DECIDED NOVEMBER 8, 2004.

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Weinberg, Wheeler, Hudgins, Gunn & Dial, John K. Train IV, Claire C. Murray*, for appellees.