## A97A1473. BUTTLES v. THE STATE.
(494 SE2d 73)

SMITH, Judge.

James Buttles was indicted for the murder of his wife. OCGA § 16-5-1 (a). He was convicted of voluntary manslaughter. OCGA § 16-5-2. Buttles's motion for new trial was denied, and he appeals, raising as his sole enumeration of error the admission of certain testimony he characterizes as hearsay. Finding no reversible error, we affirm.

The State presented evidence that the victim died from injuries she suffered on January 18, 1995 inside the home she shared with Buttles. When police and emergency personnel arrived at the home, the victim was unconscious and not breathing. Buttles told family members, neighbors, and police that the victim tripped over one of their dogs as she was walking down the stairs.[1] The emergency room doctor who treated the victim testified that Buttles told her the victim had fallen down five stairs. Emergency personnel who came to the house shortly after the victim was injured observed three holes, one large and two small, in the walls in the area where the victim was found. One officer testified that Buttles told him the holes were from an argument he and the victim had a few days earlier. No evidence was presented that anyone other than Buttles and the victim were inside the house when her injuries occurred. The State presented forensic and medical testimony that the injuries from which the victim died were more likely to have been caused from a homicide than from a fall down a flight of steps. In particular, the medical examiner testified he was "98% sure" the victim's death was caused by asphyxiation. Evidence was presented that the victim's injuries and death were more consistent with strangulation than with a fall down stairs.

Buttles's contention on appeal focuses on the testimony of one witness who testified concerning a conversation in which she, Buttles, and the victim engaged when she visited their home on January 1, 1995. According to this witness, she inquired of Buttles, who was attending chiropractic college, "how school was going," and the victim stated that she was tired of paying Buttles's tuition. The victim also stated during this conversation that she was "tired of supporting" Buttles and asked when he was going to get a job, "something that brings in some income." The witness stated that after Buttles replied that he did work and bring in income, the victim asked why she never saw it. This witness found the atmosphere between Buttles and the victim to be "really tense." She had known the two of them for about six years and "had never seen her stand up to him like that before, or say things like that." The trial court concluded that this evidence was not hearsay because it was said in Buttles's presence.[2]

---

[1] Different witnesses reported different versions of Buttles's account of the incident. Some reported that he told them he heard a noise while sitting in his study and exited the study to find the victim at the bottom of the stairs. Others stated that he claimed to have seen the victim fall down the stairs as he was seated in his study. An investigating police officer testified that the stairway was not visible from the desk in the study.

[2] We note Buttles's reliance on *Jarrett v. State*, 265 Ga. 28 (453 SE2d 461) (1995) and *Luallen v. State*, 266 Ga. 174 (465 SE2d 672) (1996) for the proposition that the trial court erroneously reasoned that the statements were not hearsay because they were made in Buttles's presence. Those cases are inapt, as they address the inadmissibility of an out-of-

Buttles maintains that the victim's alleged statements made during this conversation constituted hearsay because they were offered to prove the truth of the matter asserted. During arguments concerning the admissibility of the objected-to conversation, the prosecutor pointed out that Buttles was never employed full-time and "lived off the victim and her family" after marrying her, that the two of them had spent all the victim's income and were using money from her family's estate, and that this evidence demonstrated the victim's dissatisfaction. According to the prosecutor, this dissatisfaction precipitated the events of January 18 and was relevant to show that Buttles "had no source of income other than his wife. And when she was leaving him, he was going to be high and dry with no way to survive in the manner to which he had been accustomed. . . . So it is certainly very relevant to show her state of mind about leaving him, and his state of mind about losing her and losing the life-style that he'd become accustomed to."

Buttles contends this theory shows the State offered the victim's out-of-court statements to prove that he was not making money and was depending entirely on the victim for financial support. But the State offered another reason for presenting the testimony: to show the state of mind and ill feelings between the victim and Buttles 17 days prior to her death. Such testimony is admissible as original evidence. OCGA § 24-3-2 provides that when conversations and similar evidence "are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." This Code section "applies to communications whenever the fact that such communication was made, *and not its truth or falsity*, is the point in issue. [Cit.]" *Ross v. State*, 179 Ga. App. 283 (346 SE2d 87) (1986). See also *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). Consequently, evidence admissible under OCGA § 24-3-2 is not hearsay. Id. at 867.

In this case, the fact of the argument itself between Buttles and the victim, and not whether the contents of that conversation were true, was admissible to show the increasing tension between them. This atmosphere, in turn, was relevant for the purpose of showing the tension or strained relationship the State contended led to the events of January 18. See generally *Webb v. State*, 156 Ga. App. 623, 626 (6) (275 SE2d 707) (1980). The out-of-court statements were therefore admissible regardless of the smorgasbord of reasons offered by the State. "It is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even

---

court declarant's statements based on the acquiescence or silence of the accused. *Jarrett* at 29; *Luallen* at 178 (5).

though it does not qualify for admission under one or more other evidentiary theories. That is, generally evidence should be admitted if it is admissible for any legitimate purpose." (Citation and punctuation omitted.) *Campbell v. State*, 215 Ga. App. 14, 16 (3) (449 SE2d 366) (1994). The trial court consequently did not abuse its discretion in admitting this evidence.

Moreover, even if the conversation was hearsay, its admission was harmless, unlike the evidence erroneously admitted in *Mallory v. State*, 261 Ga. 625, 628 (2) (409 SE2d 839) (1991) and *Stamper v. State*, 235 Ga. 165 (219 SE2d 140) (1975), cited by Buttles. The objected-to evidence was merely cumulative of other evidence from other sources that Buttles was having difficulty completing his education and had only sporadic, part-time employment and that the victim provided the main source of income in the family. See *Igle v. State*, 223 Ga. App. 498 (478 SE2d 622) (1996) (hearsay evidence harmless because cumulative of other competent evidence).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 12, 1997.

*Jack J. Menendez, Monzer J. Mansour*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.