A03A0380. MAYO v. THE STATE.
(582 SE2d 482)

BARNES, Judge.

A jury convicted Wilbur Frank Mayo of two counts of child molestation, and the trial court sentenced him to serve twenty years on the first count, and serve ten of twenty years on the second count, consecutively. He appeals, contending that the evidence on the sec-

ond count was insufficient. He also asserts that the trial court erred in limiting the number of character witnesses he could call; in allowing a State witness to testify as an expert; in allowing similar transaction evidence; in allowing a witness to testify that she thought the children were truthful; and in sustaining two of the State's hearsay objections. For the reasons that follow, we affirm.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Peterson v. State*, 253 Ga. App. 390, 391 (1) (559 SE2d 126) (2002).

Mayo was charged with two counts of child molestation. The first count alleged that he fondled the vagina of a child under 16, and the second that he inserted an unknown object into the child's rectum. He contends on appeal that the State presented no evidence that such an insertion took place, and therefore his conviction as to Count 2 should be reversed. "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance." (Citations, punctuation and emphasis omitted.) *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990).

The victim, who was ten at trial, testified that she had been visiting Mayo, who was married to the child's grandmother, since she was seven. In addition to recounting occasions in which Mayo touched her private parts, French-kissed her, made her sit on his lap, and insisted on bathing her, she testified that Mayo touched her "inside her behind." She also testified that he tried to put his penis in her "butt" but was unsuccessful because she kept kicking.

Pursuant to OCGA § 24-3-16, which allows admission of hearsay statements of a child relating to acts of sexual contact or physical abuse, the State introduced evidence of out-of-court statements made by the child relating to acts of molestation by Mayo. In addition to recounting occasions in which Mayo put his hands on the victim's vagina and other private parts, a detective with the sex crimes unit of the Columbus Police Department testified that the victim said Mayo woke her up once by poking his private part "up my butt." A senior social worker with the Department of Human Resources testified that the child said Mayo woke her when she stayed overnight and "tried to put his private spot in her butt."

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Mayo guilty beyond a reasonable doubt of child molestation by "inserting an unknown object into [the victim's] rectum" as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mayo contends the trial court erred in limiting the number of character witnesses he called. The following exchange took place after the State rested its case:

[MAYO]: I have a number of character witnesses.

THE COURT: How many?

[MAYO]: Well, I've probably got around 40. Obviously, I'm not going to call them all.

THE COURT: Obviously, you're not.

[MAYO]: But I'd like to call as many as the Court will allow me, Your Honor.

THE COURT: Well, if this was Federal Court, I could make you call one but I can't do that.

[MAYO]: I understand, Your Honor.

THE COURT: But, I can limit it. You can't just keep calling them and calling them and calling them all day. I would think around a dozen would be enough. Six to 12.

[MAYO]: Well, I understand the Court's position. What I do sometimes, not in Federal Court, sometimes I just, for timing purposes, I ask the Court if they will give me instead of a number to call to just give me an hour. But I could call a dozen, they'll go fast.

Mayo called 12 character witnesses, and then said he had some others but "the Court was kind enough to let me talk to 12 so I have talked to them." At that point the State asked how many more character witnesses Mayo had, to which he responded that he had 12 more. The State then offered to stipulate that Mayo "would call 12 more witnesses who would all say the same thing," that Mayo's character and reputation were good. Mayo voiced no objection. The next day, Mayo sought to call a character witness who had not been available the day before, and the court responded, "No, sir. I limited you to 12 yesterday and that's it. [The State] stipulated to the rest of them that they'd testify the same thing." Again, Mayo voiced no objection.

In *Julian v. State*, 134 Ga. App. 592, 597-598 (2) (215 SE2d 496) (1975), this court found harmful error in the trial court's decision to allow testimony from only five of the defendant's sixty character witnesses. In this case the court allowed testimony from 12 of Mayo's 25 witnesses, and the State stipulated that the remaining witnesses would attest to Mayo's good character. Further, Mayo waived his right to challenge the trial court's curtailment of his character evidence by failing to object to the trial court's ruling. "No matter how erroneous a ruling of [the] trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives

him of the right to complain further. [Cits.]" *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986). We find no error.

3. Mayo argues that the trial court erred in allowing one of the State's witnesses to testify as an expert in the area of child psychology, without allowing him the opportunity to voir dire her on her credentials. Before the State asked that she be recognized as an expert, the witness testified that she was a licensed clinical social worker with a Master's degree in clinical social work and a certified child psychotherapist with 25 years experience in the field.

Mayo raised no objection at trial to either the trial court's recognition of the witness as an expert or its refusal to allow him to voir dire the witness. He therefore waived his right to argue the issue on appeal, and we find no error. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979); *Whisnant v. State*, supra, 178 Ga. App. at 744.

4. Mayo contends the trial court erred in allowing the State to introduce evidence of similar transactions, arguing that (1) its notice was insufficient because it stated no grounds for which the transactions were to be offered, and (2) the admission of the evidence "as proof of motive, intent, knowledge, identity, opportunity, plan and scheme and absence of mistake was overly broad."

The State gave written notice of its intent to introduce three similar transactions. At the pre-trial similar transactions hearing, Mayo asked the trial court "to make the proper inquiry or findings. I object to the admissibility of the prior acts that I've been notified of after the showing by the Court of their admissibility. And, in particular, I don't waive it as to the first two prior acts listed in the notice. But, in particular, the third one . . . doesn't put us on notice as to how the act was committed. . . ." The State addressed the third transaction, the trial court withheld ruling on its admissibility, and the State ultimately agreed not to present that transaction.

As to the other two transactions, the State proffered that the two children were similar in age to the victim, the allegations involved fondling, and Mayo had been indicted for those transactions, offering the evidence as "proof of motive, intent, knowledge, identity, opportunity, plan and scheme and absence of mistake." Mayo replied, "My only response with respect to those two, Your Honor is that the State, in its notice with respect to those two, did not in fact tell us any date. . . . Nor, is there anything here in the similar transactions notice that tells us what happened other than the fact that it's just generic use of the word, child molestation." The court ruled that evidence regarding these two transactions was admissible.

Mayo did not object at trial because the State's notice stated no grounds for which the transactions were to be offered, and did not object to the grounds for which the trial court admitted the evidence. He only objected to the absence of dates and specifics about the

crime, and as Mayo himself noted at the hearing, he had already been indicted on these two transactions. He further made no objection to the trial court's instructions to the jury, which were given before each of the five similar transaction witnesses testified and during the final charge. The trial court instructed the jurors that the similar transaction testimony was to be "considered for the limited purpose of showing, if it does, the identity of the perpetrator, the state of mind, knowledge, or intent of the defendant in the crime or crimes charged in the case that is now on trial. . . ."

Mayo waived his right to assert this error on appeal because he made no objection at trial on these grounds. *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691) (1990); *Whisnant v. State*, supra, 178 Ga. App. at 744.

5. Mayo contends that the court erred in allowing the State's expert to testify that she thought the two similar transaction victims were telling the truth, arguing that such testimony amounted to improper bolstering of the children's credibility, and in allowing her to testify that she thought these victims had been molested. The State concedes that the expert's opinion was improper, but notes that the expert volunteered these opinions without prompting by the State. Further, Mayo did not object, ask for curative instructions, or move for a mistrial. It is too late to urge objections to the admission of evidence after it has been admitted without objection; failure to object to evidence when it is offered amounts to a waiver of any objection that might have been raised. *Kapua v. State*, 228 Ga. App. 193, 196 (2) (491 SE2d 387) (1997).

6. Finally, Mayo contends that the trial court erred in twice sustaining the State's hearsay objections. In one instance, Mayo sought to introduce testimony that a witness had seen a tape of the similar transaction victims in which their parents coached and bribed them to accuse Mayo, and in another instance that a witness had been told by the similar transaction victims' mother that the mother had bribed the victims to accuse Mayo. Mayo contended that the testimony was admissible as a hearsay exception to explain the children's motive, under OCGA § 24-3-2.

We review a trial court's evidentiary rulings for abuse of discretion. *Jones v. State*, 270 Ga. 25, 29 (8) (505 SE2d 749) (1998). OCGA § 24-3-2 provides that "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." In *Buttles v. State*, 229 Ga. App. 300 (494 SE2d 73) (1997), this court found no error in the trial court allowing a State's witness to testify that she heard an argument between the defendant and the deceased victim. In that case, however, the evidence was not offered to prove the merits of the

argument, only to show that the couple argued. Id. at 302. In this case, Mayo wanted to show that the children had been bribed to speak against him, not that a tape had been made. The trial court noted when the issue first arose that it might allow Mayo to introduce the testimony as impeachment evidence if he first asked the victims or parents if the children had been coached, but Mayo chose not to call the parents as witnesses and did not ask the children on cross-examination whether they had been coached or bribed. See *Nelson v. State*, 255 Ga. App. 315, 320 (5) (565 SE2d 551) (2002). The trial court did not abuse its discretion in these evidentiary rulings.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 30, 2003 —
RECONSIDERATION DENIED MAY 20, 2003 — 

*Worthington & Flournoy, Thomas M. Flournoy, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Melissa L. Himes, Assistant District Attorney*, for appellee.