## A11A0989. HART et al. v. GROVES.

(716 SE2d 631)

ANDREWS, Judge.

Tara Groves filed a legal malpractice suit against her former attorney, Scott A. I. Hart, and his professional corporation, Scott A. I. Hart, P.C. (collectively referred to as Hart). A jury rendered a verdict in favor of Groves for $78,033, and Hart appeals. For the following reasons, we affirm.

Groves was injured in an automobile accident and hired Hart to represent her on a personal injury claim against the driver of the

---

other automobile. Shortly after Hart filed suit on behalf of Groves, the suit settled for the $25,000 liability limit in the other driver's automobile insurance policy. Hart was aware that Groves also had a potential claim on up to $275,000 of underinsured motorist coverage provided in her own automobile insurance policy based on the difference between the $300,000 limits of uninsured motorist coverage in her policy and the $25,000 limits of liability paid by the other driver's policy. Nevertheless, Hart failed to insist that Groves sign a limited release to settle the suit to preserve the underinsured motorist claim. Instead, Hart advised Groves to settle the suit by signing a general release, and then dismissed the suit. Hart admitted that his actions were negligent because they had the effect of extinguishing Groves's potential claim for underinsured motorist benefits. At trial, Groves presented evidence that she incurred medical expenses as a result of the accident in excess of the $25,000 liability limits paid under the other driver's policy, and claimed that she was damaged by Hart's negligence to the extent that she lost underinsured motorist coverage she would otherwise have had for those expenses. Hart's defense at trial was that Groves was not damaged as a proximate result of his negligence because she failed to prove that all her claimed medical expenses were for injuries caused by the accident, and failed to prove that she would have recovered underinsured motorist benefits but for his negligence.

1. Hart claims that the trial court erred by failing to allow him to present evidence that about $34,000 of disability insurance Groves received for inability to work as a result of the accident reduced the amount of underinsured motorist benefits she would have been entitled to recover under her policy. Pretermitting whether this evidence would have been admissible, we find no basis in the record for Hart's claim that the trial court failed to allow or prevented him from introducing the evidence. Although counsel for both parties made arguments to the trial court prior to and during the trial about the admissibility of this evidence, the trial court never ruled on the admissibility of the evidence or to exclude the evidence. "This is a Court for correction of errors below, and, in the absence of a ruling by the trial court, this Court has nothing to review." *Williams v. Resurgens &c. Orthopaedists*, 267 Ga. App. 578, 580 (600 SE2d 378) (2004). It is counsel's duty to obtain a ruling on the admissibility of evidence, and the failure to do so results in a waiver. Id.

2. Hart claims the trial court erred by overruling his objection to admission of an e-mail from Groves to Hart on the basis that it contained inadmissible hearsay. Hart objected that Groves's e-mail contained hearsay because it included a statement made to Groves by her neurologist regarding the nature of a cervical injury she claimed to have suffered as a result of the accident. In response to

the objection, Groves argued that the alleged hearsay statement had a relevant nonhearsay use in that it was offered, not to prove the truth of the matter asserted, but to explain conduct — that after Hart received the e-mail, he contacted Groves's uninsured motorist carrier to inquire about the additional coverage under her policy. The trial court did not abuse its discretion in overruling the hearsay objection and admitting the e-mail as original evidence explaining Hart's conduct. *Buttles v. State*, 229 Ga. App. 300, 302-303 (494 SE2d 73) (1997). Moreover, even if the e-mail contained hearsay, its admission was harmless because it was cumulative of other evidence from Groves and the neurosurgeon who performed surgery on the cervical injury as to the nature and extent of that injury. Id. at 303.[1]

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED SEPTEMBER 6, 2011.

*Warren R. Hinds*, for appellants.
Tara Groves, *pro se*.

---

[1] Groves's pro se motion for imposition of sanctions for a frivolous appeal is denied.