## A11A1243. ZYWÍCIEL v. HISTORIC WESTSIDE VILLAGE PARTNERS, LLC et al.
## A11A1582. MUHAMMAD v. HISTORIC WESTSIDE VILLAGE PARTNERS, LLC et al.

(721 SE2d 617)

MIKELL, Chief Judge.

Both of these appeals turn on a dispute over whether an easement exists in a section of road abandoned by the City of Atlanta to facilitate the Atlanta Development Authority's plans for a $120 million mixed-use development, Historic Westside Village. The cases are consolidated for our review.

The section of road at issue formerly was known as Harwell Street, N.W., and runs between property owned by defendants-appellants Robert N. Zywiciel and Precious J. Muhammad at what is now 19 Joseph E. Lowery Boulevard, N.W. ("19 Joseph E. Lowery"), and property owned by plaintiff-appellee Atlanta Westside Village Partners, LLP ("Atlanta Westside") and developed by plaintiff-appellee Historic Westside Village Partners, LLC ("Historic Westside") at 37 Joseph E. Lowery Boulevard, N.W. ("37 Joseph E. Lowery").

Zywiciel and Muhammad are represented by separate counsel and filed separate appeals from the trial court's denial of their motion for partial summary judgment and grant of Historic Westside's cross-motion for summary judgment. Zywiciel and Muhammad both allege that the trial court erred, inter alia, when it found: (1) that Historic Westside and Atlanta Westside have an easement; (2) that this easement was not extinguished by the actions of the City of Atlanta; and (3) that Zywiciel and Muhammad were guilty of laches in delaying their opposition to Historic Westside's and Atlanta Westside's use of the easement. Zywiciel alone asserts error as to the trial court's finding that his counterclaims fail, and additionally appeals from the trial court's grant, over both his and Muhammad's objection below, of Historic Westside's motion to add Atlanta Westside as a party plaintiff. Finally, Zywiciel alone appeals from the trial court's denial of his motions to extend discovery and for reconsideration of that denial. For the reasons that follow, we affirm in Case No. A11A1582, and in Case No. A11A1243, we affirm and the case is remanded for further proceedings consistent with this opinion.

Summary judgment is warranted if the pleadings and evidence show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[1] On appeal from a grant of summary judgment, this court conducts a de

---

[1] OCGA § 9-11-56 (c).

novo review of the evidence viewed in the light most favorable to the nonmoving party to determine whether any question of material fact exists.[2] "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed."[3]

So viewed, the evidence shows that both properties descend from the same original subdivision created in 1907 by S.B. Turman & Co. and described on a plat recorded that same year by Frank and George Edmondson. The original plat shows Harwell Street as a public road. The City of Atlanta eventually acquired much of the land in the original subdivision, then in 1999 abandoned the former Harwell Street to facilitate Historic Westside's development. Atlanta Westside acquired 37 Joseph E. Lowery on November 4, 2005. Its deed does not reference the plat or the former Harwell Street. Zywiciel and Muhammad bought 19 Joseph E. Lowery on August 22, 2006, via a deed that references both the Edmondson plat and the former Harwell Street.

Historic Westside's construction of the mixed-use development lasted from November 2005 until July 2007. Both prior to and after Zywiciel and Muhammad purchased 19 Joseph E. Lowery, Historic Westside used Harwell Street to access the development property and for a storage, staging and parking area for construction vehicles. Zywiciel and Muhammad testified that they knew of the construction prior to purchasing their land, as Muhammad had been a tenant at the property since 2003. Before litigation, Muhammad complained to Historic Westside's agent, alleging trespass. The parties also quarreled over fencing. Historic Westside made unsuccessful overtures attempting to create a reciprocal use easement. Zywiciel and Muhammad unsuccessfully proposed a ground lease, attempting to require Historic Westside to pay $5,000 per month for use of the former Harwell Street as a construction easement, with separate fees for condominium owners to access their parking garage. On May 22, 2007, the City of Atlanta conveyed fee simple title in one-half of the former Harwell Street to Zywiciel and Muhammad. Muhammad subsequently erected a fence blocking access to the parking garage and, Historic Westside alleges, effectively halting construction. This litigation ensued, in which Historic Westside sought a declaratory judgment as to the establishment of an easement, and an injunction.

---

[2] *Norton v. Holcomb*, 285 Ga. App. 78 (646 SE2d 94) (2007).

[3] (Footnote omitted.) *Alston & Bird LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640 (706 SE2d 652) (2011).

*Case No. A11A1582*

1. Muhammad, in both her first and second enumerations, claims the trial court erred in finding that an easement exists in the former Harwell Street. Upon review, we find that the trial court did not err in determining that Historic Westside and Atlanta Westside have an express easement in the former Harwell Street.

In deciding this issue, the trial court relied in large part on *Northpark Assocs. No. 2, Ltd. v. Homart Dev. Co.*,[4] which repeats a long-standing principle:

> Where the owners of a tract of land subdivide it into lots, record a map or plat showing such lots, with designated streets and a public park, and sell lots with reference to such map or plat, the owners are presumed to have *irrevocably dedicated* such streets and park for the use of all of the lot owners in the subdivision.[5]

Zywiciel and Muhammad's property at 19 Joseph E. Lowery and Atlanta Westside's property at 37 Joseph E. Lowery descend from the same original subdivision described on a plat recorded by the Edmondsons. An easement created by a subdivision plat is "an easement by express grant."[6]

Muhammad challenges the trial court's finding of an express easement as error, asserting that *Northpark* stands for the proposition that when an express easement springs from the creation of a subdivision, property owners gain rights to that easement only if the deed by which they took their property references the subdivision plat. According to the plats themselves and a title examiner's report, the deed to the property owned by Zywiciel and Muhammad references the subdivision plat; Atlanta Westside's deed does not, but it descends in a chain of title from other deeds that reference the plat.

It is clear from the *Northpark* court's opinion that Northpark Associates acquired title to its land by deeds that both referred to the recorded plat and descended in a chain of title from other deeds referencing the recorded plat.[7] The *Northpark* court, however, did not specifically address whether an easement could be created *only* by a deed that referenced a subdivision plat, or, alternatively, whether an easement could be created by a deed that did not

---

[4] 262 Ga. 138 (414 SE2d 214) (1992).

[5] (Emphasis supplied.) Id. at 139 (1).

[6] (Citations omitted.) *Sadler v. First Nat. Bank &c.*, 267 Ga. 122, 123 (1) (475 SE2d 643) (1996).

[7] *Northpark Assocs. No. 2, Ltd.*, supra at 140 (1).

reference the plat but descended in a chain of title from other deeds referencing the plat. The *Northpark* court contemplates both possibilities: "Northpark acquired easement rights in the subdivision roads *when it bought the two lots by deeds in chains of title that made reference to the recorded plat.*"[8]

Therefore, we are bound by settled law that a trial court's grant of summary judgment must be affirmed if it is right for any reason.[9] Finding no error, we affirm that an easement exists.

Paradoxically, because both Harwell Street and the original 1907 subdivision plat are referenced in Zywiciel's and Muhammad's deed and their deed descends in a chain of title from other deeds referencing Harwell Street and the Edmondson plat, we find that they are estopped from denying the easement, even though neither the plat nor Harwell Street is referenced in Atlanta Westside's deed. When a deed refers to a subdivision plat, a grantor is estopped from denying a grantee's right to use the streets delineated in the plat.[10]

> By parity of reasoning *those claiming under such conveyances are estopped from denying the existence of the streets so delineated upon the plat of the subdivision* and given as boundaries of lots acquired by these and others from the grantor or those claiming under him. *All persons claiming under such grantor are forever estopped to deny their existence.*[11]

Further, we have found that the purpose of recording a plat is to put present and future landowners on notice that an easement exists.[12] The Supreme Court of Georgia has held that a common grantor is "estopped from denying the existence of an easement based on a plat showing the easement [when] the plat was *either* recorded *or* referenced in the grantee's deed."[13] The deed for 19 Joseph E. Lowery, which refers to the recorded plat, indubitably put Muhammad, and Zywiciel as well, on notice of the existence of an easement.

2. Muhammad's second enumeration additionally asserts that the trial court erred in not finding that the City of Atlanta extinguished any easement that may have existed in the former Harwell Street when it abandoned the street and then conveyed title via a

---

[8] (Emphasis supplied.) Id.

[9] *Lesser v. Doughtie*, 300 Ga. App. 805 (686 SE2d 416) (2009).

[10] *Tietjen v. Meldrim*, 169 Ga. 678, 697 (151 SE 349) (1930).

[11] (Citation omitted; emphasis supplied.) Id.

[12] *Eardley v. McGreevy*, 279 Ga. 562, 564 (1) (615 SE2d 744) (2005).

[13] (Punctuation and footnotes omitted; emphasis supplied.) Id.

deed to Atlanta Westside that does not reference the plat. The trial court, in addressing this issue, found that "[o]nce acquired, a private easement in a road is not extinguished when a county abandons the road."[14] We agree.

3. Muhammad, in her first enumeration, also argues that Historic Westside's addition of a sidewalk and street paving changed the dimensions of the easement such that the easement was extinguished. Muhammad cites *Sloan v. Sarah Rhodes, LLC*,[15] arguing that this case stands for the proposition that any substantial change to the dimensions of an easement extinguishes the easement. Not only is *Sloan* distinguishable from the instant case in numerous ways, this interpretation presumes a holding that *Sloan* does not provide. While *Sloan* says an easement may not be changed absent the consent of the owners of both the servient and dominant estates, it does not say that a unilateral change, should it occur, extinguishes the easement.[16]

A significant difference between *Sloan* and the case at bar is *Sloan*'s reference to a servient and a dominant estate, in other words, a private easement which might "run" with the land, benefitting one parcel of real estate and burdening another. Many of the principles of law governing that type of easement do not apply to easements descended from a subdivision created by a recorded plat for the benefit of all the owners of parcels in the subdivision. There is no dominant estate. Moreover, our law does not favor the extinguishment of easements.[17] Muhammad's argument fails, and her case is, of course, at an end.

4. Finally, in her third enumeration, Muhammad asserts that the trial court erred in finding that laches barred her claims challenging the existence of an easement. Because we have affirmed the trial court's grant of summary judgment finding that an easement exists, Muhammad's claim of error on this point is moot.

### Case No. A11A1243

While, like Muhammad, Zywiciel asserts error as to the trial court's finding that an easement exists, he also enumerates as error the addition of Atlanta Westside as a party and the trial court's denial of a motion to extend discovery, as well as its refusal to reconsider that denial.[18]

---

[14] (Citations omitted.) *Northpark Assocs. No. 2, Ltd.*, supra at 140 (1).
[15] 274 Ga. 879 (560 SE2d 653) (2002).
[16] Id. at 879, 880.
[17] See *Whipple v. Hatcher*, 283 Ga. 309, 310 (658 SE2d 585) (2008).
[18] Zywiciel's brief ostensibly enumerates four errors, but its argument section contains

5. In his fourth enumeration, Zywiciel claims the trial court erred in granting Historic Westside's motion to add Atlanta Westside as a party. He argues that Historic Westside was guilty of laches for waiting some $2^1/_2$ years before moving to add an indispensable party, seeking to do so only after Zywiciel challenged Historic Westside's standing by alleging that only Atlanta Westside's name appears on the deed of the property claiming the easement. While Zywiciel raised standing and issues of timeliness below, the trial court did not address these, either in its order adding Atlanta Westside as a party, or in its summary judgment order or final judgment. As this court is for the correction of errors of law, if the trial court has not ruled on an issue, we will not address it.[19] Thus, the only issue before us is whether the trial court erred when it added Atlanta Westside as a party.

As pointed out in Historic Westside's motion to add Atlanta Westside, this court has upheld a trial court's decision to add a party even as late as at trial, where that party was the owner of the real property at issue and, therefore, indispensable.[20] In the instant case, the trial court correctly granted Historic Westside's motion. "[T]he proper remedy for failure to join an indispensable party is not dismissal, as urged by appellants, but joinder."[21]

"The determination of whether a party should be added to a lawsuit lies within the discretion of the trial court, and that determination will not be disturbed on appeal absent a showing of abuse."[22] Here, finding no abuse, we affirm.

6. Zywiciel's third enumeration is that the trial court erred in denying his motions to extend discovery and to reconsider that denial, and in failing to reopen discovery as to Atlanta Westside only. Those denials, he argues, blocked his ability to participate in discovery with Atlanta Westside as a later-added party.

---

what amounts to more than a dozen allegations of error. To the extent that the sequence and organization of Zywiciel's brief fail to comply with the provisions of Court of Appeals Rule 25 (c), [w]e caution that this [c]ourt's rules are designed to facilitate the consideration of enumerated errors and compliance with such rules is not optional. . . . [Zywiciel] has hampered our ability to ensure that all his arguments not addressed by enumerations of error are addressed. Accordingly, [he] is wholly responsible for any allegation of error that we are unable to fully address.
(Punctuation and footnotes omitted.) *Govindasamy v. Wells Fargo Bank*, 311 Ga. App. 452, 453 (1) (715 SE2d 737) (2011).

[19] *Hart v. Groves*, 311 Ga. App. 587, 588 (1) (716 SE2d 631) (2011).

[20] *Zappa v. Automotive Precision Machinery*, 205 Ga. App. 584, 585 (5) (423 SE2d 286) (1992) (finding that shareholders of company that was initial plaintiff could be added as parties because as owners of property at issue, they were the real parties in interest).

[21] Id., citing *Guhl v. Tuggle*, 242 Ga. 412, 413-414 (1) (249 SE2d 219) (1978).

[22] (Punctuation and footnote omitted.) *Ellison v. Hill*, 288 Ga. App. 415, 418 (2) (654 SE2d 158) (2007).

His motion to extend discovery, however, was filed March 30, 2009 ("March 2009 motion"), more than a year before Atlanta Westside joined the case, and refers only to Historic Westside. The motion never was amended to add Atlanta Westside, and never applied to Atlanta Westside. Zywiciel's claim of error on this issue presents nothing for our review.[23]

The trial court ruled on Zywiciel's March 2009 motion to extend discovery on June 4, 2010, the same day it added Atlanta Westside as a party over a joint objection by Zywiciel and Muhammad. Zywiciel's counsel made an oral motion seeking reconsideration of that denial on June 14, 2010 ("June 2010 motion"). Zywiciel's oral motion for reconsideration, which he now attempts to apply to Atlanta Westside, never mentioned either this later-added party or Historic Westside. At the June 14, 2010, hearing, Zywiciel's counsel merely noted the trial court's denial of the March 2009 motion, saying, "I'd ask that the Court reconsider that — that position at some point." The trial court denied the motion for reconsideration.

While the addition of a party after the discovery period has closed may have the potential to present valid scope for additional discovery, it is undisputed that the later-added Atlanta Westside shares a corporate identity with initial complainant Historic Westside, which identifies itself as a "managing member" of Atlanta Westside. Zywiciel, for more than a year and despite the trial court's grant of six joint motions to extend discovery,[24] failed to propound written discovery against initial complainant Historic Westside until after the discovery period closed. Yet Zywiciel now seeks to reopen discovery against Historic Westside's later-added corporate relative while making no showing either in his oral motion for reconsideration or his enumerations of error as to what material information that discovery could yield.

"A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown."[25] "In all cases, the party making an application for a continuance must show that he has used

---

[23] Zywiciel's enumeration does not assert error as to the court's denial of the motions as they relate to Historic Westside, so we need not address that issue.

[24] Despite statements in each of the first six motions that both parties had "diligently pursued discovery" and had "exchanged written discovery requests, responses and materials," the record shows a certificate of service for only one written discovery request from Zywiciel to Historic Westside, filed May 5, 2009, one month *after* the expiration of the discovery period. That certificate refers to Zywiciel's "*first* continuing interrogatories," his "*first* request for production of documents and notice to produce," and his "*first* requests for admission of facts." (Emphasis supplied.)

[25] (Punctuation omitted.) *Quarterman v. Cullum*, 311 Ga. App. 800, 804 (4) (717 SE2d 267) (2011), citing *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 673 (1) (563 SE2d 533) (2002).

due diligence."[26] This court has found no abuse of discretion in denying a motion to reopen discovery where, as in the case sub judice, the movant failed to engage in discovery until after the discovery period had ended.[27] This court also has found no abuse of discretion in a denial of a motion for a continuance when the movant fails to show how further discovery would produce evidence material to his claims.[28]

Further, in analogous situations, this court has found no abuse of discretion when a court refuses to permit a continuance if a party has failed to make some showing of what it hoped to obtain. This is true even where, for example, the trial court held a summary judgment hearing after denying a party's motion for continuance to allow time to depose witnesses recently identified in opposing party's discovery responses as having knowledge of facts in dispute.[29] This court found no abuse of discretion in that case because the party seeking the continuance failed to show what "relevant and material evidence would be produced in opposition to the motion for summary judgment."[30] "A continuance is not required to permit fishing expeditions. Rather, the movant must satisfy the court that if given a continuance[,] beneficial objectives of pretrial discovery will be achieved."[31]

We find no abuse of discretion.

7. Zywiciel's first and second enumerations, in part, assert that the trial court erred in finding that an easement exists and that this easement was not extinguished.[32] We disagree for the reasons stated in Divisions 1-3, above.

8. Zywiciel's first enumeration also contends that the trial court erred in finding that laches barred his claims challenging the existence of an easement. Based on our holdings in Divisions 1-3, above, we need not consider this enumeration.

9. Zywiciel, also as part of his first enumeration, argues that the

[26] OCGA § 9-10-166.

[27] *Pew v. One Buckhead Loop Condo. Assn.*, 305 Ga. App. 456, 462 (3) (700 SE2d 831) (2010).

[28] *Demido v. Wilson*, 261 Ga. App. 165, 169 (3) (582 SE2d 151) (2003). See also *Wilson v. Edward Don & Co.*, 275 Ga. App. 787, 789 (3) (622 SE2d 18) (2005) (no abuse of discretion in denying discovery extension when movant's affidavit failed to specify any information he could obtain related to debt dispute).

[29] *Gilco Investments v. Stafford Cordele, LLC*, 267 Ga. App. 167, 169 (1) (598 SE2d 889) (2004).

[30] (Citation omitted.) Id.

[31] (Punctuation and footnote omitted.) *Aponte v. City of Columbus*, 246 Ga. App. 646, 650 (6) (540 SE2d 617) (2000).

[32] To the extent that Zywiciel's second enumeration is unsupported by citations to the record or to relevant case law or statute, it is deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2).

trial court erred in granting Historic Westside's motion for partial summary judgment on four counterclaims he alone propounded. The trial court found that three of these counterclaims, those alleging trespass, unjust enrichment and failure to issue an injunction, fail because they depend for their survival as a matter of law on a finding that there is no easement. Zywiciel, however, additionally raised those counterclaims in connection with allegations that Historic Westside used, without authorization, a parking lot on his property at 19 Joseph E. Lowery which is not part of the easement. We therefore remand these claims, unrelated to the land comprising the easement, to the trial court for consideration.

10. Zywiciel contends, as part of his first enumeration, that the trial court erred in denying his counterclaim for unjust enrichment as it additionally applies to Historic Westside's alleged receipt of a $1.25 million grant related to property Zywiciel owns at 899-905 Martin Luther King Jr. Drive. This contention does not present a claim upon which relief may be granted.

11. Zywiciel's first enumeration additionally asserts error as to the trial court's grant of partial summary judgment to Historic Westside and Atlanta Westside on his claims of nuisance and ejectment related to a utility pole that Georgia Power installed on his property in connection with the construction of Historic Westside's development, then later removed at his request. The trial court found that Historic Westside showed it did not instruct, recommend or consult with Georgia Power about the location of the utility pole. The trial court further found that Zywiciel and Muhammad presented insufficient contrary evidence to raise a triable issue, and upon review, we agree.

12. Finally, we turn to Zywiciel's assertion, also part of his first enumeration, that the trial court erred in deciding the cross-motions for summary judgment because the court allegedly viewed "several disputed material facts"[33] in the light most favorable to movants Historic Westside and Atlanta Westside, thus violating the summary judgment standard.[34] While Zywiciel raised this issue in a motion for reconsideration below, one day after filing that motion, he filed a notice of appeal divesting the trial court of jurisdiction before it could

---

[33] Zywiciel never specifically identifies for this court which of more than 25 "facts" listed in three documents referenced in his appellate brief allegedly were decided in violation of the summary judgment standard. Nor does he reveal how the trial judge allegedly viewed any specific fact in the light most favorable to the movants. Such general allegations are insufficient to support a claim of error. See Court of Appeals Rule 25 (c) (2) (i).

[34] *Norton*, supra at 78 (court must view facts and evidence in light most favorable to nonmoving party).

render a decision.[35] Again, this court corrects errors below, and absent a ruling by the trial court, we have nothing to review.[36]

*Judgment affirmed and case remanded with direction in Case No. A11A1243. Judgment affirmed in Case No. A11A1582. Smith, P. J., and Dillard, J., concur.*

DECIDED DECEMBER 16, 2011.

*Kwame L. Townes*, for appellant (case no. A11A1243).
*Kenneth W. Muhammad*, for appellant (case no. A11A1582).
*Greenberg Traurig, Ernest L. Greer, Michael J. King, Taylor, English & Duma, Michael E. Ross, Hayden R. Pace, Michael P. Froman*, for appellees.

---

[35] *Fortson v. Hotard*, 299 Ga. App. 800, 804 (3) (684 SE2d 18) (2009) (appellant filed notice of appeal before trial court had ruled on motion for reconsideration, divesting trial court of jurisdiction to reconsider its order).

